IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLARENCE N. McCOY, | * |
| | * |
| Plaintiff, | * |
| v. | *   CIVIL ACTION No.: 2020 - 35 |
| | * |
| CONTINENTAL MOTORS, INC, | * |
| a/k/a CONTINENTAL AEROSPACE | * |
| TECHNOLOGIES, | * |
| | * |
| Defendant. | * |

## COMPLAINT

### INTRODUCTORY AND JURISDICTIONAL STATEMENT

Comes now the Plaintiff and files this complaint seeking principally declaratory and injunctive relief, reinstatement, back pay, compensatory damages, and other relief to redress discrimination in employment on the basis of race, age and retaliation. This action is brought pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 1981, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et al., as they have been amended. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343, and 42 U.S.C. Section 2000e.

### II

### PARTIES

1. Plaintiff, Clarence N. McCoy, is a 62-year old African American citizen of Mobile County, Alabama, which is located within the Southern District of Alabama.

2.     The Defendant, Continental Motors, Inc. is also now known as Continental Aerospace Technologies, located in Mobile County, Alabama.  At all relevant times the Defendant was qualified to do business in the State of Alabama, and is doing business in the Southern District of Alabama with over 15 full time employees. Defendant is an employer as that term is defined by the Civil Rights Act of 1964 and the ADEA.

### III

### FACTUAL ALLEGATIONS

3.     Plaintiff was hired the Defendant in 1977 and was transferred to the Mobile location in 2004 as a Production Machine Operator.

4.     Plaintiff was terminated on September 30, 2019. The reason given by the Defendant's Human Resources office was "physical altercation or threats of violence on company property."

5.     Plaintiff denies that he engaged in any misconduct, particularly the misconduct alleged, but contend that he was terminated due to his age and race.

6.     On September 18, 2019, Dustin McCullough, a white male employee accused Plaintiff of initiating a physical altercation and verbally threatening to do physically harm to him. This did not happen, but Plaintiff was terminated anyway on the testimony of three white witnesses, including one who earlier had lodged a similar complaint against Plaintiff.

7.     Within a week of Plaintiff's termination two of the white employees are sending messages mocking Plaintiff. One such message states: "Another week, another

pissing off Clarence supporters… That **old fat racist** piece of shit called us devils on Facebook. Hope he enjoys his government cheese in the soup line. Bahahahahaha…"

8. Upon information and belief, at least two of the alleged witnesses to the altercation had been accused in the past of placing racist notes on the company bulletin board without suffering any disciplinary action.

9. When minority employees complain to HR about rule violations and harassment no action is taken. On the other hand, when white employees make allegations against black employees HR is quick to call those employees to the office for question and possible discipline.

10. The Defendant maintain security cameras at many locations within the facility, including in the work area where Plaintiff's violation was alleged to have occurred.

11. When Plaintiff was called into the office for his termination conference he asked to see the video recording of his work area on the day in question. However, the Defendant's manager stated that the camera was operable, but had not been activated – or words to that effect.

12. Approximately 35 days after Plaintiff's termination the Defendant began offering a severance/bonus pay to senior employees who would voluntarily resign their positions.

13. Upon information and belief, Plaintiff contends that the Defendant used the threat allegation as a pretext to remove a senior employee without the need to pay a severance.

14. Other employees have been accused of verbal and physical altercations and have not suffered termination, including one white female who had been involved in multiple incidents of misconduct, but was offered a severance packages as opposed to termination.

15. Plaintiff applied for his unemployment compensation following his termination and HR representatives filed objection with the Department of Industrial Relations seeking to fight Plaintiff's claim. However, after a full-blown hearing before an administrative judge the Defendant with its witnesses could not substantiate the reasons for Plaintiff's termination.

16. Plaintiff has filed a Charge of Discrimination with the EEOC due to his unlawful termination and now files this action within 90 days of his receipt of his Notice of Rights.

## COUNT I

17. Due to Defendant's termination of Plaintiff's employment as outlined above in paragraphs 1 - 16, Plaintiff's termination was in violation of 42 U.S.C. Sections 1981 and Title VII of the Civil Rights Act of 1964, as amended, on the basis of his race.

## COUNT II

18. Due to Defendant's termination of Plaintiff's employment as outlined above in paragraphs 1 - 16, Defendant has engaged in age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et al., as amended.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

(a) A declaratory judgment that Defendant unlawfully discriminated against Plaintiff on the basis of his race in violation of 42 U.S.C. Sections 1981 and Title VII of the Civil Rights Act of 1964, as amended.

(b) A declaratory judgment that Defendant unlawfully discriminated against Plaintiff on the basis of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et al., as amended.

(c) Award Plaintiff the sum of $300,000.00 as compensatory damages, and $300,000.00 as punitive damages for the Defendant's willful misconduct;

(d) Award Plaintiff all back pay and benefits he would have been entitled to but for the unlawful acts of the Defendant, and order his reinstatement to his former position, or award Plaintiff front pay in lieu of reinstatement;

(e) Award Plaintiff his costs and expenses in bringing this action, including a reasonable attorney's fee; and,

(f) Award such other alternate relief as the court may deem just and proper.

**Trial By Jury Requested.**

    S/Ronnie L. Williams
RONNIE L. WILLIAMS (WILLR6024)
Williams & Associates, LLC
Attorneys for Plaintiff Clarence N. McCoy
814 St. Francis Street
Mobile, Alabama 36602
(251) 432-6985