IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLARENCE N. MCCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CONTINENTAL MOTORS, INC., a/k/a | ) CIVIL ACTION NO. 1:20-CV-00035-JB-M |
| CONTINENTAL AEROSPACE TECHNOLOGIES, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant Continental Aerospace Technologies, Inc.'s ("Continental" or "Defendant") Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 18). The Motion has been briefed and is ripe for review.

**I.    BACKGROUND**

Plaintiff commenced this action after receiving a right to sue notice from the EEOC. (Doc. 17, ¶15, PageID.68). In his Second Amended Complaint ("SAC"), Plaintiff asserts two claims: (1) work-place discrimination on the basis of race in violation of 42 U.S.C. § 1981 (Title VII of the Civil Rights Act); and (2) termination based on age discrimination in violation of 29 U.S.C. § 621 ("Age Discrimination in Employment Act" or "ADEA"). (Doc. 17, ¶¶16 – 17, PageID.68). Continental filed a Motion to Dismiss (Doc. 18) and Brief in Support (Doc. 19) on June 26, 2020. Plaintiff filed his Response on July 13, 2020 (Doc. 21) and Defendant filed its Reply on July 20, 2020 (Doc. 22).

Defendant hired Plaintiff in 1977. (Doc. 17, ¶3, PageID.66). Defendant transferred Plaintiff to its Mobile location in 2004. (*Id*.). On September 18, 2019, twelve (12) days before his

termination, a white employee, Dustin McCullough, accused Plaintiff of engaging him in a physical altercation and threatening him with violence on Defendant's premises.  (*Id*., ¶6, PageID.66).  Defendant terminated Plaintiff's employment on September 30, 2019.  As cause for his termination, Defendant cited Plaintiff's "physical altercation or threat[] of violence on company property."  (*Id*., ¶4, PageID.66).  Plaintiff maintains this incident never occurred and Defendant relied upon it as pretext to mask its discriminatory motives for his termination.  (*Id.*, ¶12, PageID.67).  After Plaintiff was terminated, two white employees were caught mocking him and the circumstances surrounding his termination via email.  (*Id.*, ¶7, PageID.66).

Plaintiff alleges minority employees reported to Defendant's human resources department by white employees receive disparate treatment compared to white employees reported by minority employees.  (Doc. 17, ¶8, PageID.67).  Plaintiff does not identify, or explain the material aspects of, the positions held by these alleged comparators.  Similarly, Plaintiff alleges at least one white female employee received more favorable treatment for engaging in conduct similar to that which allegedly led to Plaintiff's termination.  (*Id.,* ¶13, PageID.67) ("Other employees have engaged in verbal and/or physical altercations and have not suffered termination, including one white female who had been involved in multiple incidents of misconduct, but was not subjected to termination.").  Again, Plaintiff does not identify, or explain the material aspects of, the position held by this alleged comparator.

Plaintiff requests the following relief in his SAC:  two declaratory judgments  (Doc. 17, PageID.68 – 69), compensatory and punitive damages (*Id.*, PageID.69), back pay and benefits from his date of termination (*Id.*), that his employment with Defendant be reinstated, or,

2

alternatively, "front pay" (*Id.*), attorneys' fees and litigation expenses (*Id.*), and any other award "the Court may deem just and proper." (*Id.*).

On June 26, 2020, Defendant moved the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's ADEA claim because Plaintiff failed to allege he was replaced by a younger employee, that a younger employee received more favorable treatment than him, or that his termination was related to his age. (Doc. 19, PageID.76 – 78). Defendant moves for dismissal of Plaintiff's race discrimination claims because Plaintiff failed to identify a proper comparator as required by the Eleventh Circuit's decision in *Lewis v. City of Union City*, 918 F.3d 1213 (11th Cir. 2019). (*Id.*, PageID.78 – 91).

In opposition, Plaintiff contends the Court should not undertake a substantive comparator analysis at this stage of litigation. (Doc. 21, PageID.87 – 88). Rather, Plaintiff contends, because this case is in its infancy, discovery will uncover the information needed to inform the Court's comparator analysis and such a determination is more appropriate at summary judgment. (*Id.*). In its Reply, Defendant reasserts its position concerning Plaintiff's failures to identify a proper comparator in his racial discrimination claim and contends Plaintiff's age discrimination claim fails because he concedes he has not properly pled it.

**II.    STANDARD OF REVIEW**

Rule 12(b)(6) requires the court to construe "the complaint in the light most favorable to the plaintiff and accept[] all well-pled facts alleged . . . in the complaint as true." *Austin v. Auto Owners Ins. Co.,* 2012 U.S. Dist. LEXIS 105862, *5 n. 2 (S.D. Ala. 2012); *see also Boyd v. Medtronic, PLC*, 2018 U.S. Dist. LEXIS 69962, *7-8 (N.D. Ala. 2018) ("This Court . . . 'assume[s] the[] veracity'

of the complaint's 'well-pleaded factual allegations' and 'determine[s] whether they plausibly give rise to an entitlement to relief.["']) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

To withstand a motion to dismiss, a plaintiff must plead enough facts to state a claim for relief that is plausible on its face, so as to nudge a claim across the line from conceivable to plausible. *See Iqbal*, 556 U.S. 662, 678 – 680. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. 662, 678; *see also Austin,* 2012 U.S. Dist. LEXIS 105862, at *16 ("The complaint must 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (*quoting Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1380 (11th Cir. 2010)).

Review of the complaint is a context-specific task that requires the Court to draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679. "Although notice pleading does not require a plaintiff to specifically plead every element of his cause of action, a complaint must still contain enough information regarding the material elements of a cause of action to support recovery under some 'viable legal theory.'" *AFL-CIO v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011). Minimum pleading standards "require[] more than labels and conclusions." *Young v. Midwest Recovery Sys.*, 2019 U.S. Dist. LEXIS 213587, *14 (S.D. Ala. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). General accusations and "a formulaic recitation of the elements of a cause of action will not do." *Id*.

### III. DISCUSSION

#### A. Plaintiff's concession terminates his ADEA claim.

In his response to Defendant's Motion, Plaintiff concedes "he has not alleged a viable claim under the ADEA, and that claim is due to be dismissed." (Doc. 21, PageID.91). Review of Plaintiff's SAC reveals he failed to allege any facts which indicate he was terminated due to his age, that a younger employee received more favorable treatment than him, and that he was replaced by a younger employee. Because Plaintiff concedes he has not properly asserted this claim, Defendant's Motion to Dismiss on Count II of Plaintiff's SAC is due to be granted. *See Jones Welding Co. v. Paceco Corp.*, 2013 U.S. Dist. LEXIS 106141, *22 (S.D. Ala. 2013) ("In its response to the motion to dismiss, Plaintiff concedes that it has not asserted claims for slander and libel against Wellcheck. Therefore, Wellcheck's motion to dismiss Counts III and IV is due to be granted") (internal record citations omitted).

#### B. Plaintiff's racial discrimination claim fails because he did not adequately allege a comparator similarly situated to him in all material respects received more preferential treatment.

As noted *supra*, Plaintiff maintains the Court should not undertake a substantive comparator analysis at this stage because that procedure is more appropriately conducted at summary judgment. (Doc. 21, PageID.87 – 88). Rather, Plaintiff contends, *Lewis* only requires he "put forth sufficient facts to show a comparison in treatment is being made." (*Id.*, PageID.88). Plaintiff's argument is unavailing.

Though Plaintiff is correct to assert that "substantive assessments of comparators is left to later stages of a case," *Bartholomew v. Lowe's Home Ctrs., LLC*, 2020 U.S. Dist. LEXIS 9598, *16 (M.D. Fla. 2020) (citing *Alvarez v. Lakeland Area Mass Transit Dist.*, 406 F. Supp. 3d 1348, 1354

(M.D. Fla. 2019)), he must still plead a facially plausible claim of discrimination. *Id.* (citing *Alvarez* 406 F. Supp. 3d at 1354). Courts in this Circuit have dismissed complaints under Rule 12(b)(6) when plaintiffs fail to put forward sufficient facts plausibly alleging a proposed comparator was substantially similar to him in all material respects. *See, e.g., Randall v. T-Mobile US*, Inc., 2019 WL 7580176, *4 (M.D. Ala., 2019) *report and recommendation adopted* by *Randall v. T-Mobile US, Inc.*, 2020 WL 225046 (M.D. Ala., 2020); *Bartholomew*, 2020 U.S. Dist. LEXIS 9598 at *14-16; *Roderick Carrier v. DBI Servs., LLC*, 2020 U.S. Dist. LEXIS 63293, *4-6 (S.D. Fla. 2020). The Court is not precluded at this stage from determining whether Plaintiff plausibly alleged proper comparator(s).

A *prima facie* case of race discrimination under Title VII requires factual allegations demonstrating: (1) the plaintiff is a member of a protected class; (2) he was subjected to an adverse employment action; (3) he was qualified for the job at issue; and (4) his employer treated one or more employees outside his protected class more favorably where those other employees were similarly situated to him in all material respects. *See Randall*, 2019 WL 7580176, at *4 (citing *Lewis*, 918 F.3d at 1221-1226). The fourth element of a *prima facie* case, i.e. comparators similarly situated "in all material respects," reflects the fact that an "employer is well within its rights to accord different treatment to employees who are differently situated in 'material respects'." *Lewis*, 918 F.3d at 1228. Generally, a comparator is similarly situated to a plaintiff in all material respects if she and the plaintiff: (1) engaged in the same basic conduct or misconduct; (2) were subject to the same employment policy, guideline, or rule; (3) were ordinarily under the jurisdiction of the same supervisor; and (4) shared the same employment or disciplinary history.

*See Sadeghian v. Univ. of S. Ala.*, 2020 U.S. Dist. LEXIS 29534, *31 (S.D. Ala. 2020) (citing *Lewis*, 918 F.3d at 1227-28).  Plaintiff's allegations fail to meet *Lewis's* criteria.

Plaintiff's first allegations regarding a comparator – or class of comparators – reads as follows:

> Upon information and belief, when minority employees complain to HR about rule violations and harassment by white employees no action is taken.  On the other hand, when white employees make allegations against black employees HR is quick to call those employees to the office for question [*sic*] and possible discipline.

(Doc. 17, ¶8, PageID.67).  Plaintiff alleges no facts which suggest the "white employees" who received more preferential treatment engaged in the same basic conduct or misconduct Defendant cited as justification for Plaintiff's termination.  Similarly, Plaintiff fails to allege these employees and Plaintiff shared the same supervisor.  Though it appears Plaintiff and these employees were subject to the same rules and guidelines, as each were subject to discipline from Defendant's human resources department, Plaintiff fails to allege any facts which demonstrate these proposed comparators shared Plaintiff's employment and disciplinary history.  In sum, the Court cannot discern whether these comparators also faced allegations of "physical altercations" or "threats of violence" on company property, whether those comparators worked for Defendant as long as Plaintiff had, whether those employees and Plaintiff were supervised by the same official, and whether those employees and Plaintiff shared a substantially similar disciplinary history.  Because Plaintiff failed to allege such facts, his claim fails.  *See e.g., Bartholomew,* 2020 U.S. Dist. LEXIS*, *15 – 16 (finding plaintiff failed to adequately plead facts which demonstrated his comparator was similarly situated in all material respects, including the failure to "explain the material aspects" of the subject position); *Roderick*, 2020 U.S. Dist. LEXIS 63293, *5 – 6 (noting

failure to allege facts demonstrating similar supervision, employment history, positions, employment policies, misconduct, and subject 'write-ups').

Similarly, Plaintiff's only other allegation of a comparator receiving more favorable treatment fails to specify how she is similarly situated to him in all material respects. (Doc. 67, ¶13, PageID.67). Like the immediately preceding comparators, Plaintiff fails to allege facts which demonstrate he and his proposed comparator shared the same supervisor, employment history, disciplinary record, and whether they engaged in the same basic misconduct.[1]

### CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 18) is **granted** and Plaintiff's claims are dismissed.

**DONE and ORDERED** this 7th day of October, 2020.

/s/ JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's allegation here is vague. Though Plaintiff contends "[o]ther employees have engaged in verbal and/or physical altercations" and that his proposed comparator is one of those employees, he provides no facts as to whether she engaged in verbal altercations or physical altercations on Defendant's property. (Doc. 17, ¶13, PageID.67).